IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADCO GP, LLC | § | |
| | § | |
| *vs*. | § | C. A.  NO.  H – 09 – 668 |
| | § | |
| TRANSTAR  ONE  AND | § | |
| ASSOCIATES,  INC., *et al.* | § | |

## *ORIGINAL   COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff LADCO GP, LLC files this Original Complaint against Defendants, Transtar One and Associates, Inc. ("Transtar"), Mason–Haulers, Inc. ("MHI") and Garrett Lavar Pack ("Pack"), and respectfully will prove by a preponderance of the credible evidence:

1.      Plaintiff seeks to recover monetary damages for the in–transit shortage and loss to its shipment of home furnishings (the "cargo") to have been carried over the road safely from Houston to Park City, Utah in February 2008.  At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for each person or entity that is or becomes interested in it.

2.      The Court has original jurisdiction of this action under 28 U.S.C. § 1337(a) and 49 U.S.C. §14706 as the matter in controversy for each receipt or bill of

lading exceeds $10,000.00, exclusive of interest and costs.  Alternatively, the Court

has supplemental jurisdiction of Plaintiff's claims against Transtar and/or MHI under

28 U.S.C. § 1367 because they are so related to the other claims in this action within

the Court's original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution.  Venue is proper under 49 U.S.C.

§ 14706(d)(1) because one or all of the Defendants operates as a carrier in this judicial

district and division.

3.      Plaintiff is a Texas limited liability company with its principal place

of business in Houston.

4.      Transtar is a Texas corporation with its principal place of business in

Pearland.  At all times material, Transtar engaged in business in Texas as a

transportation and/or property broker, forwarder, carrier and/or bailee of goods for

hire.  Transtar can be served by its registered agent, Larry P. Girven, 3419

Swenson Street, Pearland, Texas 77581.

5.      MHI is a Tennessee corporation but maintains an office in Pearland.

At all times material, MHI engaged in business in Texas as a transportation and/or

property broker, forwarder, carrier and/or bailee of goods for hire.  MHI can be

served by its registered agent, Larry P. Girven, 1506 Broadway Street, Pearland,

Texas 77581.

6.      Pack is an individual residing in Utah.  Pack is not authorized to do

business in Texas but, at all times material, engaged in business in Texas as a

transportation and/or property broker, forwarder, carrier and/or bailee of goods for hire under the name of "Pack Man Trucking", by arranging and/or providing common carriage of goods by road for hire to, from and/or in Texas, entering into bills of lading, waybills and/or other contracts of carriage in Texas, entering into bills of lading, waybills and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Pack is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  The exercise of personal jurisdiction over Pack is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Pack with a summons is effective to establish personal jurisdiction over it.  Pack can be served by serving the Texas Secretary of State.  Process or notice can be sent to Pack at his registered address, 223 East Winslow Avenue, Salt Lake City, Utah 84115.

7.      On or before February 14, 2008, Plaintiff tendered the cargo to Defendants and/or one or more of their respective employee(s), agent(s) and/or contractor(s) at Houston in good order and condition.  Defendants and/or one or more of their respective employee(s), agent(s) and/or contractor(s) received the cargo and agreed safely to receive, handle, store, care for, carry and/or later tender it in the same good order and condition as when received, to Plaintiff's consignee

in Park City, Utah, all in consideration of paid freight charges.  Alternatively, Defendants each promised to take all steps reasonably necessary to provide and/or arrange for the cargo's safe receipt, handling, storage, carriage and/or delivery to Plaintiff's consignee in Park City, Utah in the same good order and condition as when received, all in consideration of paid compensation and/or other charges. Defendants and/or one or more of their respective employee(s), agent(s) and/or contractor(s) acknowledged receipt of the cargo in good order and condition, free of exceptions or other notations for loss or damage.

8.      Thereafter, on or about February 18, 2008, Defendants and/or one or more of their respective employee(s), agent(s) and/or contractor(s) failed and/or refused to deliver the cargo in the same good order and condition as when shipped. Defendants have never explained the disposition, location or existence of any part of the cargo.  Plaintiff's loss and resulting monetary damages proximately resulted from Defendants' acts and/or omissions and constituted breach of one or more of their respective promises to or for the Plaintiff, refusal to comply with Plaintiff's express and/or implied instructions, negligence, gross negligence, breach of contract, material breach of contract, fundamental breach of contract, material deviation from contract, unreasonable deviation from contract, breach of bailment, conversion, breach of express or implied warranties and/or violation of the statutory and/or regulatory duties of a transportation and/or property broker, common carrier, forwarder and/or bailee of goods for hire.

9.      Plaintiff cannot more specifically allege Defendants' respective acts and/or omissions constituting negligence.  Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Defendants' respective control.

10.     Plaintiff legally is entitled to recover from Defendants the amount of the actual loss or injury to its cargo.  The sum of $74,758.26 plus all reasonable and necessary incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the actual loss to its cargo proximately resulting from Defendants' respective acts and/or omissions.  Plaintiff also legally is entitled to recover interest on its damages, dating from February 18, 2008, and post–judgment interest and costs of court incurred.

11.     It has become necessary for Plaintiff to employ the law firm of Sharpe & Oliver, L.L.P. to recover the damages owed.  If any of Plaintiff's causes of action herein against any Defendant is cognizable under state substantive law for an oral or written contract, Plaintiff also is entitled to recover its reasonable and necessary attorney's fees from that Defendant under Tex.Civ.Prac. & Rem. Code § 38.001.

WHEREFORE, PREMISES CONSIDERED, Plaintiff LADCO GP, LLC respectfully prays that this Honorable Court adjudge that Defendants, Transtar One and Associates, Inc., Mason–Haulers, Inc. and Garrett Lavar Pack, jointly and

severally, are liable to Plaintiff for its alleged damages, pre–judgment interest, attorney fees, court costs and post–judgment interest, and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:       (713) 864–2221
Facsimile:       (713) 864–2228

OF COUNSEL:

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886

ATTORNEYS   FOR   PLAINTIFF

6

*PLEASE SERVE:*

**Transtar One and Associates, Inc.**
By serving its registered agent:
Larry P. Girven
3419 Swenson Street
Pearland, Texas 77581

**Mason–Haulers, Inc.**
By serving its registered agent:
Larry P. Girven
1506 Broadway Street
Pearland, Texas 77581

**Garrett Lavar Pack**
By serving the Texas Secretary of State
with copies of service at his registered address:
223 East Winslow Avenue
Salt Lake City, Utah 84115